FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY C.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1],<br><br>    Defendant. | No. 2:19-CV-00067-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney Lora Lee Stover represents Terry C. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on January 14, 2015, alleging disability since December 23, 2012, due to back problems, osteoarthritis, degenerative disc disease, tremors, bursitis/arthritis of both shoulders, carpal tunnel syndrome of the right hand, depression, nerve damage of the left shoulder, and COPD. Tr. 341. The application was denied initially and upon reconsideration. Tr. 378-80, 383-87. Administrative Law Judge (ALJ) Lori Freund held three hearings, on February 13, 2017, September 6, 2017, and December 18, 2017. Tr. 238-75, 276-308, 309-25. Judge Freund issued an unfavorable decision on March 29, 2018. Tr. 103-20. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 514, 691-92. The Appeals Council denied the request for review on January 8, 2019. Tr. 1-7. The ALJ's March 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 26, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1965 and was 51 years old as of her date last insured in 2017. Tr. 118. She attended school through the 10th grade and later obtained her GED. Tr. 710. Her work history was primarily as a solderer and driver. Tr. 299-300, 576. She stopped working in 2012, and has alleged disability based on a variety of physical impairments.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-

1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

**ADMINISTRATIVE DECISION**

On March 29, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 103-20

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of June 30, 2017. Tr. 106.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine with radiculopathy; chronic obstructive pulmonary disease/asthma; tobacco dependence; sleep apnea; morbid obesity; diabetes mellitus, type II; bilateral carpal tunnel syndrome, status-post surgical repair; right plantar fasciitis; chronic left shoulder bursitis; osteoarthritis of multiple joints and myalgia (ankle, elbow, hip, knee); fibromyalgia; and use of marijuana. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 108-09.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> The claimant is limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently. In addition, the claimant could stand/walk for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. The claimant needs a brief sit/stand option at 60-minute intervals. As for postural activities, the claimant is unable to crawl or to climb ladders, ropes, and scaffolds. The claimant can rarely climb stairs/ramps, with "rarely" defined to 10% of the time and only a few steps/up to three steps, but she cannot climb a whole flight of stairs. On an occasional basis, the claimant can balance, stoop, kneel, and

crouch. She can reach overhead with the left non-dominant upper extremity occasionally. Handling and fingering bilaterally can be performed frequently, rather than constantly. In addition, the claimant should avoid walking on uneven terrain, such as grass and gravel. The claimant must avoid unprotected heights, airborne irritants, and all excessive vibration. The claimant's residual functional capacity includes the need to avoid even moderate exposure to excessive noise, and to operating control of moving machinery. In addition, she must avoid all exposure to hazardous machinery and to extreme cold and heat, excessive wetness and humidity.

Tr. 109-10.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a solderer and crew shuttle driver. Tr. 118.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of office helper, collator operator, and mail clerk. Tr. 118-19.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 23, 2012, the alleged onset date, through June 30, 2017, the date last insured. Tr. 120.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly evaluating Plaintiff's subjective statements; (2) formulating an improper RFC; (3) applying the grid rules incorrectly; and (4) making improper step five findings.

**DISCUSSION**

**1.     Plaintiff's subjective allegations**

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 12 at 13-15.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 110. The ALJ found: (1) the medical evidence did not support a finding of disability as alleged by Plaintiff; (2) her activity level was not consistent with her allegations; and (3) she testified that reasons other than disability had originally caused her cessation of work. Tr. 113-14.

Plaintiff argues the objective evidence of her conditions is well-established in the medical records and the activities referenced by the ALJ are insufficient to detract from her credibility. ECF No. 12 at 14-15. Defendant argues the ALJ appropriately explained her rejection of Plaintiff's subjective complaints by relying on evidence of Plaintiff's failure to comply with treatment and her non-disability

reasons for stopping work. ECF No. 13 at 3-4. The Court finds the ALJ's rationale is not supported by substantial evidence.

### a. Activities

A claimant's daily activities may support an adverse credibility finding if the activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ability to engage in minimal daily activities around the home and for personal care is not necessarily inconsistent with disability. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)("the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.")

The ALJ noted Plaintiff's ability to do housework and yard work, and that she had gone camping and to the lake with her in-laws, and that she and her husband spent an evening singing old songs. Tr. 114. The ALJ failed to identify how any of these activities were inconsistent with any of Plaintiff's allegations. Notably, the Commissioner has not defended the ALJ's use of these minimal activities in discounting Plaintiff's statements. ECF No. 13 at 3-4. The Court finds the ALJ's rationale does not satisfy the clear and convincing standard.

### b. Reasons for stopping work

The ALJ noted Plaintiff testified that she stopped working originally due to transportation issues. Tr. 114, 265-66, 1337. She then developed emotional barriers to returning to work. Tr. 114. The ALJ found "neither reason provide [sic] a basis for disability." *Id.*

Defendant argues this is a legitimate factor for an ALJ to consider in assessing a claimant's allegations. ECF No. 13 at 4. Defendant cites to *Bruton v. Massanari*, which found an ALJ did not err in considering the fact that the claimant stopped working because he was laid off rather than leaving due to his on-the-job injury, along with his delay in seeking medical attention and his failure

to seek treatment despite his complaints of severe pain. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). While the reason a claimant stops working is a factor the ALJ may consider, the larger circumstances of this claim do not support the ALJ's conclusion that this undermines Plaintiff's complaints. Plaintiff testified that, while she initially stopped working due to her transportation issues, she subsequently developed depression due to unemployment. Tr. 266. The record supports that she was experiencing panic attacks at job interviews, including an incident where a potential employer offered to call 911. Tr. 731. Plaintiff testified that it was subsequent to this period when her physical condition began to deteriorate, with substantial worsening in early 2015 and getting progressively worse over the following two years. Tr. 259-63. While the reasons she stopped working in December 2012 may be a reason to disbelieve that Plaintiff was disabled on the precise day she stopped working, the ALJ failed to explain how this factor detracts from Plaintiff's testimony regarding the worsening of her physical condition over the following five years. The Court finds this single fact to be insufficient to meet the clear and convincing standard for discounting a claimant's subjective pain and other symptom testimony.

    **c. Non-compliance with treatment**

Defendant argues that the ALJ reasonably gave less weight to Plaintiff's claims based on the fact that she failed to comply with treatment recommendations to stop smoking. ECF No. 13 at 3. An unexplained or inadequately explained failure to seek or follow courses of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, in this case, the ALJ did not rely on such evidence in explaining her rejection of Plaintiff's statements. Tr. 113-14. While the ALJ mentioned medical providers' notes encouraging Plaintiff to stop smoking, this discussion appeared in the ALJ's summary of the medically established conditions, including tobacco dependence. Tr. 111. The ALJ did not link Plaintiff's failure to stop smoking to

the analysis of her subjective statements. The Court reviews only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir.).

### d. Objective evidence

To the extent the ALJ implies Plaintiff's allegations are not supported by the objective evidence, this alone is an insufficient basis upon which to reject her statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, the lack of objective evidence is not a sufficient rationale.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

## 2. Medical Vocational Guidelines

Plaintiff asserts she should have been found disabled under the Medical Vocational Guidelines because she is not capable of performing a full range of light work, thus necessitating a finding of disability under the sedentary grid rules. ECF No. 12 at 15. Defendant argues that, because Plaintiff's RFC fell between two grid rules, the ALJ appropriately consulted a vocational expert, who identified jobs Plaintiff was capable of performing. ECF No. 13 at 5-7.

At step five of the sequential evaluation process, the ALJ must determine whether there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999). The Medical Vocational Guidelines provide a streamlined mechanism for ALJs to make this determination, considering the claimant's age category, educational and work background, and exertional capability. 20 C.F.R. pt. 404, subpt P, app. 2. However, use of the Guidelines is only appropriate when a rule

completely and accurately represents a claimant's limitations. *Tackett*, 180 F.3d at 1101. When a claimant's residual ability falls between two grid rules that direct different outcomes under the Guidelines, a vocational expert should be consulted to clarify the implications for the occupational base. Social Security Ruling 83-12.

The Court finds no error in the ALJ's actions. The ALJ found Plaintiff capable of lifting and carrying weights within the light range, but found that she could only be on her feet for two hours per day and needed a brief sit/stand option every 60 minutes. Tr. 109. The ALJ specifically asked the vocational expert how she would classify the RFC, in light of it being "kind of one of those in-between hypotheticals" and the vocational expert stated she would classify it as "light." Tr. 319. When the residual functional capacity fell between two grid rules, the ALJ appropriately consulted with a vocational expert, who identified jobs that exist in significant numbers in the national economy. There was no error in the ALJ declining to find Plaintiff disabled under the sedentary grid rules.

However, as this claim is being remanded for further consideration of Plaintiff's subjective allegations, the ALJ will reconsider the RFC and the remainder of the sequential evaluation process as needed.

**4.    Residual errors**

Plaintiff argues the ALJ's error in evaluating her subjective symptoms resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 12 at 15-16. Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony, the ALJ may be required to make new findings regarding the residual functional capacity and make a new step five determination.

**CONCLUSION**

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292

(9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision with respect to Plaintiff's subjective complaints is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints, and, as necessary, formulate a new RFC, obtain supplemental testimony from a vocational expert, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 24, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE